**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DESMOND KEAVON JOSEPH,

    Petitioner,

v.                                                                   Case No. 09-14495

JEFFREY WHITE,

    Respondent.
                                       /

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR
RECONSIDERATION AND DECLINING CERTIFICATE OF APPEALABILITY**

Pending before the court is Petitioner Desmond Joseph's pro se "Motion for Extension of Time for Filing Certificate of Appealability and for Reconsideration," filed July 19, 2010. Petitioner asks this court to reconsider its June 30, 2010 order denying his petition for a writ of habeas corpus. He also asks for an extension of time to request a certificate of appealability. For the reasons stated below, Petitioner's motion is denied.

Federal Rule of Civil Procedure 59(e) governs the altering or amending of a judgment. Fed. R. Civ. P. 59(e). A district court maintains discretion when deciding a motion to amend a judgment under Rule 59(e). *Northland Ins. Co. v. Stewart Title Guar. Co.,* 327 F.3d 448, 454-55 (6th Cir. 2003). "Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).

Additionally, the court only grants motions for reconsideration if the movant can

(1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). A motion for reconsideration that presents "the same issues already ruled upon by the court, either expressly or by reasonable implication," will not be granted. E.D. Mich. LR 7.1(h)(3); *Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).

Petitioner's application for a writ of habeas corpus was dismissed because it was not timely filed. (6/30/10 Order 1-2.) The timeliness of the petition depended, in part, on whether the limitations period was tolled during the pendency of his petition for certiorari. In the court's June 18, 2010 order requiring a response to Respondent's motion for summary judgment, the court stated that limitations period was not tolled. (6/18/2010 Order 1 n.1.) In his ordered response, Petition erroneously maintained that the limitations period was tolled during the pendency of his petition for certiorari. Now, in his motion for reconsideration, Petitioner maintains that his untimeliness should be excused by his pro se status and that a time bar would "prove fatal to [Petitioner's] First [A]mendment right and further aggravate the miscarriage of justice." (Mot. for Recons. 4.) These arguments do not present a palpable defect by which the court has been misled; thus, the arguments regarding the time bar do not justify Petitioner's motion for reconsideration.

Petitioner also argues that his motion for reconsideration should be granted

2

because he is innocent. But Petitioner has not presented new reliable evidence of his actual innocence and offers nothing further for the court to conclude a palpable defect exists by which the court and the parties have been misled. E.D. Mich. LR 7.1(h)(3).

Petitioner also asks for an extension of time to file for a certificate of appealability. Because the court should have decided whether to grant a certificate of appealability when it denied the petition,[1] the court will address the issue now. A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. §§ 2253(c)(1)(A), (B). A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. The court concludes that jurists of reason would not

---

[1] Effective December 1, 2009, the Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. Accordingly, the court should have addressed the Certificate of Appealability in the order denying the petition.

find the court's assessment of Petitioner's claims debatable or wrong. The court thus declines to issue a certificate of appealability.

Accordingly,

IT IS ORDERED that Petitioner's "Motion for Extension of Time for Filing Certificate of Appealability and for Reconsideration" [Dkt. # 12] is DENIED.

IT IS FURTHER ORDERED that the court DECLINES TO ISSUE a certificate of appealability.

       S/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated: August 12, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 12, 2010, by electronic and/or ordinary mail.

       S/Lisa Wagner
       Case Manager and Deputy Clerk
       (313) 234-5522